## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BINGRU WANG** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action: 1:14-cv-01285 (TSC)** |
| | : | |
| **BERNABEI & WACHTEL, PLLC** *et al.* | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY OR, IN THE ALTERNATIVE, REQUEST TO ISSUE LITIGATION HOLDS TO THIRD PARTIES

Defendants, Bernabei & Wachtel, PLLC, Lynne Bernabei, and Meixing Ren, by and through their respective counsel, submit this Joint Opposition to Plaintiff's recently filed Motion for Expedited Discovery Or, In The Alternative, Request To Issue Litigation Holds To Third Parties (ECF No. 41) filed on October 13, 2015. This most recent filing represents Bingru Wang's *fourth* filing in an attempt to obtain discovery, notwithstanding that this Court has already ruled to stay all discovery pending a resolution of defendants' motions for summary judgment.[1]

As with her prior filings, plaintiff has provided no justification whatsoever for proceeding with third-party discovery while defendants' dispositive Rule 56 motions are pending,

---

[1] The Court has already considered, and rejected, plaintiff's efforts to obtain discovery while the dispositive motions are pending. On April 13, 2015, defendants filed their Joint Motion To Stay Discovery Pending A Decision On Defendants' Motion For Summary Judgment (ECF 28) ("Motion to Stay"), which was granted by this Court by Order issued on May 4, 2015 (ECF No. 34) after a hearing on that same date. On April 21, 2015, plaintiff made three filings seeking discovery, each of which was denied: 1) Plaintiff's Opposition to Defendants' Joint Motion to Stay Discovery (ECF 31); 2) Plaintiff's Cross-Motion Pursuant To Fed.R.Civ.P 56(d) for Discovery Prior To Opposing Defendant Meixing Ren's Motion For Summary Judgment (ECF 30); and 3) Plaintiff's Cross-Motion Pursuant To Fed.R.Civ.P 56(d) for Discovery Prior To Opposing Defendants' Motion For Summary Judgment (ECF 29) ("Rule 56(d) Motion"), with attached Declaration from plaintiff's counsel, Eric Menhart. On April 22, 2015, after having been notified that one or all of plaintiff's filings were done in error, plaintiff's counsel re-filed his Rule 56(d) Motion (ECF 33), along with Notice of Duplicate Filing (ECF 32).

1

particularly where: 1) the facts regarding originality and creativity of the video are in plaintiff's own and sole possession and she cannot now change her sworn deposition testimony on that dispositive issue; 2) any "use" of the video is a matter of public knowledge based upon the publicly available websites, news outlets and court filings, information that is, and has long been, available to plaintiff and her counsel, and for which no discovery is needed under Rule 56(d); and 3) the undisputed evidence from Ms. Wang and through the Affidavit of Lynne Bernabei demonstrate that that the video has no value and that defendants derived no profit from the video.

On May 4, 2015, after hearing oral argument from counsel, this Court has already stayed discovery in its entirety, granting defendants' Joint Motion for Protective Order (ECF No. 28), and precluding discovery in this action until after the Court issues its decision on the pending Rule 56 Motion(s) for Summary Judgment. Defendants respectfully request that this Court reaffirm that ruling and summarily deny plaintiff's (renewed) motion for expedited discovery.

## I.   PLAINTIFF HAS FAILED TO JUSTIFY HER REQUEST FOR THIRD-PARTY DISCOVERY.

A review of the present motion reveals absolutely no articulation of any specifics that could justify plaintiff's request for expedited discovery. At the outset, and in cursory fashion, plaintiff merely claims to want some undefined category of documents, communications and "electronic records," from some unidentified, unnamed "third parties" (vaguely described as "news sources"). However, plaintiff never identifies those third parties, or how many companies she intends to subpoena. Of particular significance is that her counsel essentially concedes that this is a blind fishing expedition and confesses that ". . . Plaintiff *does not know* the exact information that these third parties likely possess." Opp. at p. 1 (emphasis added).[2]

---

[2] In the analogous context of a Rule 56(d) motion, conclusory assertions about the potential value of discovery are insufficient. *Byrd v. EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). *See Nguyen v. CAN Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (holding that the district court did not abuse its discretion in

825971v.1

Nor does plaintiff have any legitimate basis to believe that documents (electronic or otherwise) are likely to be destroyed, except to generalize that companies retain documents in accordance with their corporate retention policies, which are not known in this case. Opp. at 5 ("Plaintiff's purpose for requesting expedited discovery of electronic documents is to ensure that Plaintiff gains access to the documents before they are *potentially* destroyed in compliance with the *unknown electronic document retention schedule* of the involved third parties.") (emphasis added); *Id.* (". . . the document retention schedules of the third parties in this case are *unknown . . .* ") (emphasis added).

While defendants recognize that there has been no discovery in this case, there is a plethora of information available on the dispositive issues, including that which is publicly available both on the internet and news sources, and in the public court filings. In short, plaintiff is not entitled to a "fishing expedition" under Rule 56(f). *Mitchell v. Astrue*, 2009 U.S. Dist. LEXIS 58207, at *16 n.6 (D.D.C. June 29, 2009)  (citing *Morrow v. Farrell*, 187 F. Supp. 2d 548, 551 (D. Md. 2002)).

Here, plaintiff fails to provide any specific information about what information she hopes to glean through third-party discovery, let alone how such information will create a genuine issue of material fact to defeat defendants' Motion(s) for Summary Judgment. With nothing more that sweeping generalities, plaintiff has not justified her unwarranted request for discovery, and her

---

denying a motion for continuance when the appellant did not "focus [the Court of Appeals'] attention on an affidavit presented to the district court that particularly specifies legitimate needs for further discovery"); *Beckham v. National RR Passenger Corp.*, 569 F. Supp. 2d 542, 548 (D. Md. 2008) (under Rule 56 procedure, the nonmoving party's affidavit must "adequately articulate the need for specific discovery. . . ."); *Bartel v. Sun Life Assurance Co. of Canada*, 536 F. Supp. 2d 623, 632 n.8 (D. Md. 2008) (noting that a Rule 56 affidavit must "identify[y] what relevant information has been inappropriately omitted and why that information is necessary to this case"). *Accord United States v. Smithfield Foods*, 969 F. Supp. 965, 978 (E.D. Va. 1997) (holding that if "the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado." (citation and quotation omitted)).

motion is woefully inadequate because it does not specify the information to be gathered and does not elucidate specific details regarding what information will be sought, how the information will be obtained, or which genuine issue of material fact will be raised by that information. As the case law makes clear, such a "vague allegation" about the need for discovery is insufficient.

Here, for reasons that plaintiff cannot, and does not, overcome, "[a] stay of discovery pending the determination of a dispositive motion remains 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. District of Columbia Financial Responsibility &Management Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dept of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).[3]

## II.   PLAINTIFF'S ALTERNATIVE REQUEST FOR "LITIGATION HOLD" NOTICES IS NOT WITHIN THE COURT'S AUTHORITY.

Plaintiff alternatively moves the Court to allow her to issue "litigation hold" notices to the involved third parties. Mot. at p. 7. However, litigation hold letters are not within the scope of the court's authority, *see generally* Fed.R.Civ.P. 26-37, and may be sent out by counsel even in the absence of a pending judicial proceeding. In defendants' view, the Court's stay of discovery does not prevent plaintiff or her counsel from issuing litigation hold requests to any

---

[3] Plaintiff also does not, and cannot, challenge the fundamental legal principle that this Court has the inherent authority to manage the discovery process to prevent abuse of the process and prejudice, including protecting a party from annoyance, oppression or undue burden or expense. *See* Fed.R.Civ. P. 26(c); *Beecham v. Socialist People's Libyan Arab Jamahiriya*, 245 F.R.D. 1, 2-3 (D.D.C. 2007) (Because the "district court has broad discretion in structuring discovery, the decision whether to stay discovery is committed to the sound discretion of the district court judge."). Nor has plaintiff overcome the fundamental principle that it is appropriate to stay discovery pending the outcome of a dispositive motion that could dispose of the entire matter. *See Chavous*, 201 F.R.D. at 2 ( "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Anderson v. United States Attorneys Office*, Civ. A. No. 91-2262-LFO, 1992 WL 159186, at * 1 (D.D.C. June 19, 1992).

third-party, which will adequately protect her to the extent documents have been retained, still exist, and not already been previously destroyed. It remains a mystery why plaintiff's counsel has never sent out, over the course of the last several years, such litigation hold requests, which would have protected his client in her quest to obtain documents from third parties.

## CONCLUSION

For these reasons, defendants respectfully request that this Court deny plaintiff's Motion for Expedited Discovery Or, In The Alternative, Request To Issue Litigation Holds To Third Parties.

Respectfully submitted

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By      /s/ Laura N. Steel
Laura N. Steel, Esquire
(D.C. Bar No. 367174)
700 11th Street, NW, Suite 400
Washington, DC 20001
Phone: 202-626-7660
Fax: 202-628-3606
Laura.Steel@wilsonelser.com
Counsel for defendants Lynne Bernabei and Bernabei & Wachtel, PLLC

And

BERNABEI & WACHTEL, PLLC

By:      /s/ Alan Kabat
Alan Kabat, Esquire (#464258)
1775 T Street, NW
Washington, DC 20009-7102
Telephone: (202) 745-1942
Facsimile: (202) 745-2627
kabat@bernabeipllc.com
Counsel for Defendant Meixing Ren

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2015, a true and accurate copy of the foregoing Defendants' Joint Opposition to Plaintiff's Motion for Expedited Discovery Or, In The Alternative, Request To Issue Litigation Holds To Third Parties, and proposed Order were filed via ECF electronic filing to all counsel of record:

> Eric J. Menhart, Esquire
> Lexero Law
> 316 F Street N.E., Suite 101
> Washington, D.C. 20002
> *Counsel for Plaintiff*

> Alan Kabat, Esquire
> Bernabei & Wachtel, PLLC
> 1775 T Street, N.W.
> Washington, D.C. 20009
> *Counsel for Defendant Meixing Ren*

> */s/ Laura N. Steel*
> Laura N. Steel, Esquire

825971v.1